Eastern District of Kentucky
F I L E D
OCT 2 3 2014
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 14-41-HRW

DANIEL RISNER, PLAINTIFF,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, DEFENDANT.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Defendant State Farm Mutual Automobile Insurance Company's Motion for Partial Summary Judgment [Docket No. 8]. The motion has been fully briefed by the parties [Docket Nos. 8-1, 11 and 12] and for the following reasons the Court finds that the motion should be granted.

**I.  BACKGROUND**

This case arises out of a motor vehicle accident that occurred on September 21, 2012, in Lexington, Kentucky  Subsequent to the accident, Plaintiff sought medical treatment at Advanced Chiropractic Care. *Id.*  At the time of the accident, Plaintiff, Michael Daniel Risner, was insured by the Defendant State Farm Mutual Automobile Insurance Company ("State Farm").  Following a utilization review, State Farm notified the Plaintiff that it was denying certain medical expenses incurred by Plaintiff and discontinuing the payment of basic reparation benefits for medical expenses incurred after March 18, 2013.

Plaintiff filed this action in the Rowan Circuit Court, alleging that he has been wrongfully denied basic reparation benefits. He pleads the following causes of action: negligence (Count I),

violation of KRS 304.39, *et seq.*, (Count II), negligence per se (Count III), breach of contract (Count IV), breach of good faith and fair dealing(Count V), violation of the Kentucky Consume Protection Act (Count VI), bad faith (Count VII), unjust enrichment (Count VIII), fraud (Count IX), negligent misrepresentation (Count X), prejudgment interest (Count XI) and punitive damages (Count XII). Defendant removed this action from the Russell Circuit Court to this Court. Defendant now moves for summary judgment on Plaintiff's claims for compensatory and punitive damages. It argues that Plaintiff's damages are limited to those set forth in the Kentucky Motor Vehicles Act and that the other claims alleged cannot properly be based on a denial of basic reparation benefits pursuant to *Foster v. Kentucky Farm Bureau Mutual Ins. Co.*, 189 S.W.3d 553 (Ky.2006).

## II.   STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The burden to show that there are no genuine issues of material fact falls on the parties seeking summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This Court will consider the evidence in the light most favorable to the non-moving parties, drawing all justifiable inferences in their favor. *Id.* The ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-

sided that the moving parties should prevail as a matter of law. *Id.* at 251–52, 106 S.Ct. 2505.

## III. ANALYSIS

The Kentucky Motor Vehicle Reparations Act ("MVRA") "is a comprehensive act which not only relates to certain tort remedies, but also establishes the terms under which insurers pay no-fault benefits, and provides for the penalties to which insurers are subjected if they fail to properly pay no-fault benefits." *Couch v. Northland Ins. Co.*, 2007 WL 1610185, *4 (E.D.Ky. May 31, 2007)(*citing Foster v. Kentucky Farm Bureau Mutual Ins. Co.*, 189 S.W.3d 553, 557 (Ky.2006)). Specifically, under the MVRA statutory scheme, the limited penalty for overdue payments is interest at a rate of 12% per annum. *Couch*, 2007 WL 1610185, *4(*citing* KRS § 304.39-210(2)). "If the delay in payment was without reasonable foundation, the interest rate becomes 18% and attorney fees are also potentially recoverable." *Id.* (*citing* KRS § 304.39-220(1)). "[W]here a statute both declares the unlawful act and specifies the civil remedy available, the aggrieved party is limited to the remedy provided by the statute." *Foster*, 189 S.W.3d at 557(*citing Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky.1985)). Thus, the MVRA is the "exclusive remedy where an insurance company wrongfully delays or denies payment of no-fault benefits." *Foster*, 189 S.W.3d at 557.

In the present case, Plaintiff premises his case directly upon alleged wrongful termination of his basic reparation benefits or no-fault benefits. Yet, he asserts additional claims for for negligence, violations of Kentucky's Motor Vehicle Reparations Act, negligence *per se*, breach of contract, breach of good faith and fair dealing, violations of Kentucky's Consumer Protection Act, bad faith, unjust enrichment, fraud, and negligent misrepresentation.

3

*Foster* clearly provides that the MVRA provides the exclusive remedy available to Plaintiff where an insurance company denies payment of no-fault benefits. *Foster*, 189 S.W.3d at 557. This principle is well established in Kentucky and this district. *See, e.g., Korthals v. Grange Ins.*, 2006 WL 3306843 (W.D.Ky. Nov. 9, 2006); *Couch.*, 2007 WL 1610185; *Oakes v. Allstate Ins. Co.*, 2008 WL 294569, *3 (W.D.Ky. Jan. 31, 2008); *Schroeder v. Kentucky Farm Bureau Mutual Insurance Co.*, 2008 WL 465500, *1 (Ky.Ct.App. Feb. 22, 2008); *Hartley v. Geico Casualty Co.*, 2006 WL 2786929, *1 (Ky.Ct.App. Sept. 29, 2006).

In an attempt to avoid the implications of *Foster*, Plaintiff argues that the claims for fraud, negligent misrepresentation, bad faith, breach of contract and breach of good faith and fair dealing are all claims "which are not dependent on the failure of the Defendant to make BRB payments." [Docket No. 11, p. 2]. This argument is flawed. Each of the claims alleged in Plaintiff's Complaint arise from the denial of no-fault benefits. Had State Farm paid the outstanding medical expenses, there would be no basis for any of the claims contained in the Complaint. In other words, Plaintiff's lawsuit is directly dependent on the failure to pay basic reparation benefits. As the MVRA does not permit damages beyond outstanding medical expenses, attorney's fees and interest, there is no cause of action for damages beyond a violation of Kentucky's no-fault act.

The Court finds that the MVRA governs the claims and relief at issue in this matter. Accordingly, Plaintiff's claims for compensatory and punitive damages must fail as a matter of law because Kentucky's Motor Vehicle Reparations Act provides Plaintiff's exclusive remedy. Therefore, Plaintiff's claims for compensatory and punitive damages against Defendant State

4

Farm Mutual Automobile Insurance Company, in addition to outstanding medical expenses, interest and attorney's fees are hereby dismissed as a matter of law.

**IT IS HEREBY ORDERED** that Defendant State Farm Mutual Automobile Insurance Company's Motion for Partial Summary Judgment [Docket No. 8] be **SUSTAINED**.

This is an **INTERLOCUTORY** and **NON- APPEALABLE ORDER.**

This 23rd day of October, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge