UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 14-41-HRW

DANIEL RISNER,                                                          PLAINTIFF,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                                                      DEFENDANT.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant State Farm Mutual Insurance Company's Motion for Partial Summary Judgment [Docket No. 19] and Plaintiff Daniel Risner's Motion for Partial Summary Judgment [Docket No. 23]. The motions have been fully briefed by the parties [Docket Nos. 22, 25 and 26]. For the reasons set forth below, the Court sustains Defendant's motion and overrules that of Plaintiff.

I.

On September 21, 2012, Plaintiff Daniel Risner was involved in a rear-end car accident at the  intersection of Man O' War Boulevard and Pleasant Ridge Drive in Lexington, Kentucky. The Lexington Police Department investigated the accident. Plaintiff claimed to experience "slight pain to his neck and back." He declined the investigating officer's offer for an ambulance.[Kentucky Uniform Police Traffic Collision Report, Docket No. 19-3]

On the day of the accident, Plaintiff went to Advanced Chiropractic Care in Morehead, Kentucky with complaints of headaches and pain in his neck, mid and low back, and shoulders.

He was seen by Timothy W. O'Brien, DC, who noted that Plaintiff had headaches and a sprain/strain to his back and neck. [Docket No. 19-5]. It was recommended that Plaintiff treat two times per week for six weeks. *Id.*

At the time of the accident, Plaintiff had PIP coverage with Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Shortly following the accident, he submitted an Application for Benefits to State Farm seeking no-fault benefits. Plaintiff claimed that Advanced Chiropractic Care was treating him for "neck, shoulders, and back pain and soreness, [and] some numbness in hands," all of which he related to the September 21, 2012 accident. [Application for Benefits, Docket No. 8-3].

Mr. O'Brien re-examined Plaintiff on November 16, 2012 and again on January 18, 2013, and recommended that he continue chiropractic treatment.

In the spring of 2013, about six months following the accident, State Farm contacted Advanced Chiropractic Care, in writing, to ascertain Plaintiff's prognosis, plan of care, and projected maximum medical improvement date. On March 18, 2013, Mr. O'Brien responded to State Farm's inquiry and projected Plaintiff's release date as March 22, 2013. [Docket No. 19-8]. However, six days later, on March 29, 2013, O'Brien wrote to State Farm to change his opinion; he recommended Plaintiff treat twice a week for another six weeks. [Docket 19-9].

In May 2013, State Farm retained a third-party to coordinate an independent chiropractic review of Plaintiff's medical records to determine whether the prolonged chiropractic care was reasonable, medically necessary, and related to the September 21, 2012 accident. Dr. Andrew Slavik, D.C. was retained to review Plaintiff's treatment records, and other documents relevant to his claim, and provide a medical opinion as to whether Plaintiff's treatment was reasonable,

2

medically necessary, and related to the September 21, 2012 accident.

Dr. Slavik provided his report to State Farm on May 22, 2013 [Docket No. 19-10].  Dr. Slavik opined that Plaintiff's treatment was reasonable and medically necessary with the exception of seven of Advanced Chiropractic Care's coding entries. Dr. Slavik also opined that Advanced Chiropractic Care's treatment was not medically necessary after March 18, 2013. [Utilization Review, Docket No. 8-4]. Therefore, based in part on Dr. Slavik's medical opinions, State Farm denied Plaintiff's claims for treatment with Advanced Chiropractic Care after March 18, 2013.

On September 24, 2013, State Farm received a letter of representation from Plaintiff's lawyer as well a letter from  Advanced Chiropractic Care, seeking an appeal State Farm's decision to deny additional payment to Advanced Chiropractic Care based on  Dr. Slavik's report. [Docket No. 19-10]. Advanced Chiropractic Care did not enclose any additional information for State Farm to consider on appeal.

On October 8, 2013, State Farm wrote to Advanced Chiropractic Care, inviting it to submit  additional information regarding Plaintiff's claim. Advanced Chiropractic Care elected did not provide anything further.

Plaintiff instigated this civil action against State Farm in the Rowan Circuit Court, alleging that he was wrongfully denied basic reparation benefits.  In his Complaint, he plead the following causes of action: negligence (Count I), violation of KRS 304.39, *et seq.*,  (Count II), negligence per se (Count III), breach of contract (Count IV), breach of good faith and fair dealing(Count V), violation of the Kentucky Consume Protection Act (Count VI), bad faith (Count VII), unjust enrichment (Count VIII), fraud (Count IX), negligent misrepresentation

3

(Count X), prejudgment interest (Count XI) and punitive damages (Count XII).

Defendant removed this action from the Rowan Circuit Court to this Court based upon diversity jurisdiction [Docket No. 1]. This Court sustained the removal.

Subsequently, Defendant sought for summary judgment with regard to Plaintiff's claims for compensatory and punitive damages, arguing that his damages are limited to those set forth in the Kentucky Motor Vehicles Act and that the other claims alleged cannot properly be based on a denial of basic reparation benefits pursuant to *Foster v. Kentucky Farm Bureau Mutual Ins. Co.*, 189 S.W.3d 553 (Ky.2006). This Court sustained the motion. [Docket No. 15].

What remains is Plaintiff's claim pursuant to the Kentucky Motor Vehicle Reparations Act, and pursuant to its statutory scheme, attorneys' fees.  Currently before this Court is not the question of whether State Farm wrongfully denied payment of benefits, but, rather, the very narrow issue of whether the statute's penalty provision, to-wit, attorney's fees as well as 18% interest, applies to Plaintiff's claim.

## II.

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56©. The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323  (1986). The Court views all evidence in the light most favorable to the non-moving party. *Matsushita Elec.*

4

*Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). " 'The mere existence of a scintilla of evidence in support of the  [non-moving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [non-moving party].' " *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir.2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

The standard of review for cross-motions of summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation. *Taft Broad Co. v. U.S.,* 929 F.2d 240, 248 (6th Cir. 1991).  The court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under  consideration. *Id.*

### III.

Within the scheme of the Kentucky Motor Vehicle Reparations Act ("KMVRA") , is a provision for attorneys' fees:

> If overdue benefits are recovered in an action against the reparation obligor or paid by the reparation obligor after receipt of notice of the attorney's representation, a reasonable attorney's fee for advising and representing a claimant on a claim or in an action for basic or added reparation benefits may be awarded by the court **if the denial or delay was without reasonable foundation.** No part of the fee for representing the claimant in connection with these benefits is a charge against benefits otherwise due the claimant.

KRS 304.39-220 (emphasis added).

With regard to interest, the Act provides, ""[o]verdue payments bear interest at the rate of twelve percent (12%) per annum**, except that if delay was without reasonable foundation the rate of interest shall be eighteen percent (18%) per annum.**" KRS 304.39-210(emphasis

added).

Reading these provisions together, Plaintiff may be entitled to attorneys' fees and an increased rate of interest  only if  the basic reparation obligor's denial was made "without reasonable foundation."   The statute  requires payment for "reasonable charges incurred for reasonably needed products, services, and accommodations." KRS 304.39-020(5)(a). This language reflects a legislative judgment that the "medical expense must be reasonably needed as a result of the collision in issue." *Bolin v. Grider,* 580 S.W.2d 490, 491 (Ky. 1979).

State Farm argues that the report of Dr. Slavik, as well as its own investigation, were a reasonable foundation upon which to support its denial of benefits.   Plaintiff contends to the contrary, or, alternatively, that Kentucky law requires a reparations obligor to obtain a court-ordered independent medical examination ("IME") before challenging a claim for benefits.

### A.

If State Farm had a reasonable foundation for delaying the payment of the claim, then it may avoid the penalties of interest and attorney's fees. *Automobile Club Insurance Co. v. Lainhart*, 609 S.W.2d 692, 694 (Ky.App.1980). A reasonable foundation for delay is defined as either the "assertion of a legitimate and bona fide defense by the reparation obligor" or, as relevant to this case, failure of the claimant to supply the obligor with reasonable proof of loss in a timely fashion. *Id.* at 695; *see also Kentucky Farm Bureau Mutual Insurance Company v. Roberts*, 603 S.W.2d 498, 499 (Ky.App.1980).

In this instance, State Farm had a "legitimate, bona fide defense" to Plaintiff's claim for reparation benefits. It retained a third-party vendor to coordinate an independent review of Plaintiff's chiropractic records in order to determine whether all of the billed care was

6

reasonable, medically necessary, and related to the September 21, 2012 accident. That third-party chose Dr. Slavik to perform the chiropractic review. As a licensed and trained chiropractor, he is qualified to do so. He reviewed the police report, Plaintiff's Application for Benefits, Dr. O'Brien's answers to State Farm's Questionnaire, as well Plaintiff's treatment records from Advanced Chiropractic Center. On the basis of that independent review, State Farm denied a portion of Plaintiff's claim.

The Kentucky Court of Appeals discussed what constitutes "reasonableness" in this context in *Auto Club Insurance Company v. Lainhart*, 609 S.W2d 692 (Ky.App. 1980). In *Lainhart,* the appellate court reversed the trial court's award of 18 percent interest on allegedly overdue no-fault insurance benefits on the basis that the delay in payment was not without a "reasonable foundation." The court stated that recovery of interest at 18 percent required first, that the benefits be "overdue" because of a failure to pay after receipt of reasonable proof of the fact and amount of loss, and second, that the delay be without reasonable foundation. Noting that the record disclosed that proof of the fact and amount of loss was not submitted until the trial of the case, and concluding therefore that the benefits were not overdue, the court held that the assertion of a bona fide and legitimate defense by the reparations obligor constituted a reasonable foundation for delay, notwithstanding that the issue was ultimately decided against the obligor. The insurer asserted as a defense to the claim, that the insured's widow, who was separated from the insured and was receiving no support at the time of the automobile accident, was not entitled to survivor's economic loss benefits. The court agreed. *Id.*

State Farm has asserted a legitimate and bona fide defense to Plaintiff's claim for basic

7

reparations benefits based upon the report of an independent, licensed Kentucky chiropractor who reviewed Plaintiff's chiropractic records, as well as all available information about the subject accident.  He came to the conclusion that not all of Plaintiff's chiropractic care was reasonable and medically necessary. On the basis of that independent review, State Farm denied a portion of Plaintiff's claim. Following *Lainhart*, and its progeny, the Court finds that State Farm had a reasonable basis for its denials.

**B.**

In his response to State Farms dispositive motion, and in support of his own motion, Plaintiff argues that State Farm's denials were unreasonable because Dr. Slavik's report was inadequate as it was not an  independent medical examination ("IME") as defined by KRS 304.39-270(1).  Plaintiff appears to contend that an IME is required every time an insured makes a claim for reparation benefits.

This is not the law in Kentucky.  KRS 304.39-270(1) provides:

> If the mental or physical condition of a person is material to a claim for past or future basic or added reparation benefits, the reparation obligor **may** petition the circuit court for an order directing the person to submit to a mental or physical examination by a physician. Upon notice to the person to be examined and all persons having an interest, the court may make the order for good cause shown. The order shall specify the time, place, manner, conditions, scope of the examination, and the physician by whom it is to be made.

KRS 304.39-270(1)(emphasis added).

The statute is unambiguous; while an insurer "may" seek an order compelling an IME,

8

there is no requirement to do so. As Defendant points out, if Plaintiff's suggestion was accurate, and a court-ordered IME was required in each and every instance, no matter suspect, spurious or clearly unrelated to an accident the expense may be, the result would be an absurdly overly burdened system of bureaucracy.

## IV.

The record establishes that State Farm had a "legitimate, bona fide defense", and, therefore, a "reasonable foundation" for denying Plaintiff's claims. Therefore, Plaintiff cannot, as a matter of law, establish that he is entitled to attorneys' fees or 18% interest.

Accordingly, **IT IS HEREBY ORDERED** that Defendant State Farm Mutual Insurance Company's Motion for Partial Summary Judgment [Docket No. 19] be **SUSTAINED** and Plaintiff Daniel Risner's Motion for Partial Summary Judgment be **OVERRULED** [Docket No. 23].

This 22nd day of June, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**